**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KOREY MAURICE WESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-01281-HEA |
| SCOT DUNN, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Korey Maurice Wess for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $9.65. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file a signed, written supplement to his complaint, indicating whether or not he is suing defendant Scot Dunn in an individual capacity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted an inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $48.65. The Court will therefore assess an initial partial filing fee of $9.65, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, alleging that Sergeant Scot Dunn of the Maryland Heights Police Department committed excessive force against him during his arrest. Sergeant Dunn is sued in an official capacity only. (Docket No. 1 at 2).

In his "Statement of Claim," plaintiff asserts that on September 2, 2021, he was inside of a residence when Sergeant Dunn kicked in the door, pointed his service weapon at him, and ordered him to get on the ground. (Docket No. 1 at 3). Initially, plaintiff refused to comply with Sergeant Dunn's command. (Docket No. 1 at 4). Officer Andy Heinberger then "appeared at the door to back Sergeant Dunn up," whereupon Sergeant Dunn again ordered plaintiff to get on the ground.

At this point, plaintiff states that he put his "hands up in surrender, turned [his] back on the two officers and [lay] on the kitchen floor of the [residence]." According to plaintiff, "Sergeant Dunn then acted as if he were handcuffing [him] and put [his] right arm behind [his] back until it

3

crossed the back of [his] body and forced [his] upper body to face him." Sergeant Dunn then allegedly "punched [plaintiff] 3 times in the face, knocking out 2 of [his] teeth and [splitting his] upper lip," which required stitches. Next, Sergeant Dunn "turned [plaintiff] back over and began trying to slam [his] face into the concrete floor."

As a result of this incident, plaintiff states that he lost two teeth and required two stitches for his split lip. He is seeking total damages of $10,075,000. (Docket No. 1 at 6).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that Sergeant Dunn committed excessive force in violation of the Fourth Amendment. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined that plaintiff's complaint is subject to dismissal, as plaintiff has not stated an official capacity claim. However, as discussed below, the Court will give plaintiff an opportunity to file a signed, written supplement to his complaint, indicating whether or not he is suing Sergeant Dunn in an individual capacity.

A plaintiff can bring a 42 U.S.C. § 1983 claim against a governmental employee acting in his or her official capacity, his or her individual capacity, or both. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). In this case, plaintiff has checked the box indicating that he is suing Sergeant Dunn in an official capacity only. (Docket No. 1 at 2).

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As Sergeant Dunn is alleged to be a member of the Maryland Heights Police Department, the official capacity

4

claim against him would be treated as being made against Maryland Heights itself, his employer. However, plaintiff has not stated – nor apparently attempted to state – a claim against Maryland Heights. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal liability "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Though plaintiff has checked the box indicating that he is suing Sergeant Dunn in an official capacity, it seems that he intended to sue Sergeant Dunn in an individual capacity, as the allegations focus on Dunn's personal actions in the alleged excessive force incident.

Taking into consideration plaintiff's status as a self-represented litigant who is proceeding in forma pauperis, the Court will instruct him to file a written supplement to his complaint. The supplement must indicate whether or not he intends to sue Sergeant Dunn in an individual capacity. Plaintiff is advised that he must sign the supplement to his complaint and return it to the Court within **thirty (30) days** of the date of this order. If plaintiff does not comply, the Court will proceed with its 28 U.S.C. § 1915 review and treat Sergeant Dunn as being sued in an official capacity only.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 4). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the

5

case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $9.65 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file a signed, written supplement to his complaint within **thirty (30) days** of the date of this order, stating whether or not he is suing defendant Scot Dunn in an individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's failure to supplement his complaint in accordance with this Court's instructions within **thirty (30) days** of the date of this order will result in the Court treating defendant Scot Dunn as being sued in an official capacity only.

Dated this  21ˢᵗ  day of  January, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE