UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KOREY MAURICE WESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21CV1281 HEA |
| | ) |
| SCOTT DUNN, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court Plaintiff's Motions to Compel, [Doc. No.'s 44, 46, 53, and 54]. Defendants oppose the motions. For the reasons set forth below, the Motions will be denied.

**Facts and Background**

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983, and names the Richmond Heights Police Department, Sergeant Scot Dunn, and Officer Andrew Heimberger as defendants. Sergeant Dunn and Officer Heimberger are sued in their individual capacities only. (Docket No. 16 at 2-3). The amended complaint raises Fourth Amendment claims of excessive force and failure to intervene.

In the "Statement of Claim," plaintiff asserts that on September 2, 2021, Sergeant Dunn kicked in the door of the residence at 176 Plum, and "pointed his

service weapon at" plaintiff. Sergeant Dunn "advised [plaintiff] to lay on the floor," but plaintiff refused due to "broken glass on the floor" in the area where he was standing. Immediately after plaintiff's refusal, Officer Heimberger appeared in the door to back up Sergeant Dunn. (Docket No. 16 at 4). Sergeant Dunn again advised plaintiff to get on the floor. Plaintiff "put [his] hands up in surrender with [his] palms facing the two officers, turned [his] back on the two officers, and [lay] on the kitchen floor."

According to plaintiff, Sergeant Dunn "acted as if he were handcuffing [plaintiff] and placed [plaintiff's] right arm behind [his] back until it crossed the back of [his] body and forced the right side of [his] upper body to turn and face [Dunn]." Sergeant Dunn then allegedly "punched [plaintiff] three times in the face," which knocked out two upper teeth, loosened two more, and split his upper lip, requiring stitches. Next, Sergeant Dunn tried "to slam [plaintiff's] face into the concrete floor," though plaintiff "used [his] neck muscles as long as [he] could to prevent [his] face from hitting the floor." Eventually, plaintiff was able to move his left arm under his forehead, allowing Sergeant Dunn to slam his "forehead into [his] forearm instead of the concrete floor."

While plaintiff was being punched by Sergeant Dunn, he alleges that Officer Heimberger stood about two feet away and watched. Plaintiff claims that Officer Heimberger did not make any oral or physical attempts to prevent Sergeant Dunn

2

from punching him. When Sergeant Dunn began trying to slam plaintiff's head into the floor, Officer Heimberger "again stood by and did nothing," even though he "was very well aware that excessive force was being used."

As a result of this incident, plaintiff states that he sustained the loss of two upper front teeth, that two of his upper teeth were loosened, and that his lip was split, requiring two stitches.

## Discussion

Plaintiff seeks body-cam footage worn by both Dunn and Heimberger during the incident which occurred on September 2, 2021; Dunn's medical records; all civilian complaints, disciplinary actions, and summaries of both for Sgt. Dunn and Officer Heimberger; all photographs take of Plaintiff Korey M. Wess on September 2, 2021; the Maryland Heights Police Department policies and procedures of body-worn camera devices.

Defendants have advised the Court that they have mailed Plaintiff a certified letter with a USB flash drive providing him the requested body-cam footage of both defendants for the date requested. They have also sent the police report for September 2, 2021 and any photographs Defendants have of Plaintiff from that date.

With regard to Plaintiff's other requests, Defendants object. Initially, it should be noted that Plaintiff has failed to send defendants any requests, rather, he

3

sends his requests to the Clerk of the Court.  Rule 33(a)(1) requires Plaintiff to serve written interrogatories on the other party in the suit.  Rule 34(a) requires Plaintiff to serve a request for production of documents on the other party.  **The Court will not be responsible for implementing Plaintiff's discovery requests and advises Plaintiff to serve defendants any requests in the future.**

Plaintiff is seeking information that is not within the purview of the discovery rules with respect to this action.  Dunn's medical records are not relevant to this litigation.  Furthermore, Plaintiff is requesting privileged physician-patient information that is not in issue in this matter.

The Court agrees with Defendants that Plaintiff's request for disciplinary records to show defendants were not properly trained is not relevant to this specific case.  There is no pending claim against the City of Maryland Heights, therefore there can be no failure to train cause of action which may entitle Plaintiff to access the requested records.

The Court also agrees with Defendants that Plaintiff is not entitled to body-cam footage policies and procedures from non-party Maryland Heights Police Department.  Defendants have produced the body-cam footage from defendants.  Body-cam policies and procedures have no bearing on Plaintiff's excessive force claims.

## Conclusion

Plaintiff seeks discovery from defendants without requesting same from defendants. Under the Federal Rules of Civil Procedure, Plaintiff is required to serve his discovery requests on defendants to allow them the opportunity to either provide the requested discovery or object thereto.

Furthermore, as discussed, certain of Plaintiff's requests are not proper under the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Compel, [Doc. No.'s 44, 46, 53, and 54], are denied.

Dated this 21ˢᵗ day of November 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE